UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                              Chapter 11

LANCER PARTNERS, L.P.,                              Case No. 06-11721-BKC-JKO

    Debtor.
_____/

LANCER PARTNERS, L.P.,                              Adv. Case No. 06-01449-JKO

Plaintiff,

v.

EDWARD S. NELSON,

Defendant.
_____/

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT

Defendant, Edward S. Nelson ("Nelson"), by and through his undersigned counsel, as and for his answer to the amended complaint of Lancer Partners, L.P., dated August 8, 2005 (the "Amended Complaint"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Denies each and every allegation set forth in paragraphs 1, 2, 3, and 4 of the Amended Complaint as stating legal conclusions or statements of law for which no response is required. Nelson does not consent to the entry of final orders or judgments by the Bankruptcy Court in this case.

### BACKGROUND FACTS

2. Denies knowledge and information sufficient to form a belief as to the truth or falsity of those allegations set forth in paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28 of the Amended Complaint.

3. Admits each and every allegation set forth in paragraphs 29 and 30 of the Amended Complaint, except asserts that additional contributions to the Debtor and/or its affiliates were made after the dates of the alleged Transfers as set forth more fully herein.

4. Denies each and every allegation set forth in paragraph 31 of the Amended Complaint.

5. Admits, upon information and belief, the allegations set forth in paragraphs 32, 33, and 34 of the Amended Complaint.

6. Denies knowledge and information sufficient to form a belief as to the truth or falsity of those allegations set forth in paragraph 35 of the Amended Complaint and begs leave of this Court to refer to the Transfer Order for the true and complete terms thereof.

7. Admits each and every allegation set forth in paragraph 36 of the Amended Complaint and specifically asserts that some or all of the funds transferred to Nelson were reinvested by Nelson, in his own name or in the name of other entities or individuals, in the Debtor and/or its affiliates as set forth more fully herein.

8. Denies each and every allegation set forth in paragraph 37 of the Amended Complaint.

9. Admits that the Debtor is seeking to recover certain payments received by Nelson, as those payments are set forth in paragraph 38 of the Amended Complaint, but specifically denies the characterization of those payments as "Excess Redemptions" as provided therein.

10. Denies knowledge and information sufficient to form a belief as to the truth or falsity of those allegations set forth in paragraphs 39 and 40 of the Amended Complaint.

## COUNT I
## ACTUAL FRAUDULENT TRANSFER
## 11 U.S.C. §544(b), Fla. Stat. §§ 726.105(1)(a) and 726.108 and other applicable law

11. In response to paragraph 41 of the Amended Complaint, Nelson repeats, realleges and incorporates by reference each and every denial and admission heretofore pled with respect to paragraphs 1 through 40 of the Amended Complaint as if fully set forth herein.

12. Admits each and every allegation set forth in paragraph 42 of the Amended Complaint.

13. Denies each and every allegation set forth in paragraphs 43 and 44 of the Amended Complaint.

## COUNT II
## CONSTRUCTIVE FRAUDULENT TRANSFER
## 11 U.S.C. §544(b), Fla. Stat. §§ 726.105(1)(B) and 726.108 and other applicable law

14. In response to paragraph 45 of the Amended Complaint, Nelson repeats, realleges and incorporates by reference each and every denial and admission heretofore pled with respect to paragraphs 1 through 44 of the Amended Complaint as if fully set forth herein.

15. Admits each and every allegation set forth in paragraph 46 of the Amended Complaint.

16. Denies each and every allegation set forth in paragraphs 47, 48, 49, 50, 51, 52, and 53 of the Amended Complaint.

## COUNT III

### CONSTRUCTIVE FRAUDULENT TRANSFER
### 11 U.S.C. §544(b), Fla. Stat. §§ 726.106(1)
### and 726.108 and other applicable law

17. In response to paragraph 54 of the Amended Complaint, Nelson repeats, realleges and incorporates by reference each and every denial and admission heretofore pled with respect to paragraphs 1 through 53 of the Amended Complaint as if fully set forth herein.

18. Admits each and every allegation set forth in paragraph 55 of the Amended Complaint.

19. Denies each and every allegation set forth in paragraphs 56 and 57 of the Amended Complaint.

## COUNT IV
### UNJUST ENRICHMENT

20. In response to paragraph 58 of the Amended Complaint, Nelson repeats, realleges and incorporates by reference each and every denial and admission heretofore pled with respect to paragraphs 1 through 57 of the Amended Complaint as if fully set forth herein.

21. Denies each and every allegation set forth in paragraphs 59, 60, 61, 62, 63, and 64 of the Amended Complaint.

## COUNT V
## RETURN OF WRONGFUL DISTRIBUTION
## OF PARTNERSHIP ASSETS
## (C.G.S.A. § 34-25a)

22. In response to paragraph 65 of the Amended Complaint, Nelson repeats, realleges and incorporates by reference each and every denial and admission heretofore pled with respect to paragraphs 1 through 64 of the Amended Complaint as if fully set forth herein.

23. Denies each and every allegation set forth in paragraph 66 of the Amended Complaint.

24. Denies knowledge and information sufficient to form a belief as to the truth of those allegations set forth in paragraph 67 of the Amended Complaint.

25. Admits each and every allegation set forth in paragraph 68 of the Amended Complaint.

26. Denies each and every allegation set forth in paragraphs 69, 70, 71, 72, 73, and 74 of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27. The claims set forth in the Amended Complaint are barred by the applicable statutes of limitations.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. The allegations contained in the Amended Complaint fail to state a claim for which relief can be granted and said claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. The Amended Complaint is barred by estoppel, laches, fraud, misrepresentations, waiver, release, and/or relinquishment.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. The Amended Complaint is barred by the doctrine of *in pari delicto*.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31. The Amended Complaint is barred because the Transfers alleged therein were made in exchange for fair consideration which was not disproportionately small and/or was made in exchange for reasonably equivalent value or valuable consideration.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32. At the time the alleged Transfers were made, upon information and belief currently available, Partners was solvent, did not become insolvent as a result of such alleged Transfers, and/or did not have unreasonably small capital in relation to their businesses or their transactions at the time or as a result of the alleged Transfers.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33. After the alleged Transfers set forth in the Amended Complaint, Nelson, either in the form of an individual retirement account in his own name or in the name of other entities or individuals, invested additional capital in the Debtor or its affiliates. Nelson suffered a loss resulting from such investments.

6

659351_1 TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

34. As a result, Nelson did not receive redemptions which exceeded his contributions to the Debtor or its affiliates or "Excess Redemptions" as alleged in the Amended Complaint.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

35. Nelson reserves the right to rely on any additional defenses that become available or apparent during discovery proceedings in this action, and Nelson specifically reserves the right to amend this Answer for the purpose of asserting such additional defenses.

**WHEREFORE,** it is respectfully submitted that judgment be entered in favor of Defendant, Edward S. Nelson, dismissing with prejudice the Amended Complaint in its entirety, denying the plaintiff's requests for relief, and granting Nelson such other and further relief as this Court deems just and proper.

Respectfully Submitted,

SATTERLEE STEPHENS
BURKE & BURKE LLP
230 Park Avenue
New York, NY 10169
Telephone: (212) 818-9200

AND

TEW CARDENAS, LLP
1441 Brickell Avenue, 15th Floor
Miami, Fl 33131-3407
Telephone: (305) 536-1112
Facsimile: (305) 536-1116

LYNN MAYNARD GOLLIN, ESQ.
Florida Bar No. 621668

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was service via facsimile and U.S. Mail on the 28th of August, 2006 upon **Jeffrey P. Bast, Esq.** and **Andrew D. Zaron, Esq.,** Hunton & Williams LLP, 1111 Brickell Avenue, Suite 2500, Miami, Fl 33131.

_____
LYNN MAYNARD GOLLIN